**ALLIED VISTA, INC. and Thomas Lyon, Appellants,**

v.

**Donald J. HOLT, Appellee.**

**No. 14–97–00566–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 14, 1999.

Rehearing Overruled March 4, 1999.

Karen Greer Shropshire, Scott D. Weber, Joseph O. Collins, Dallas, for appellants.

Tammy C. Manning, James A. Passamano, Houston, for appellee.

Before Justices AMIDEI, DRAUGHN and HILL.*

* Senior Justices Joe L. Draughn and John Hill sitting by assignment.

## OPINION

JOE L. DRAUGHN, Senior Justice (Assigned).

This is an appeal from a judgment against Allied Vista, Inc. and its president, Thomas Lyon, awarding damages for lost salary based on the jury's findings of negligent misrepresentation and promissory estoppel. Appellants raise fourteen points of error, challenging the sufficiency of the evidence, the inconsistency of the jury's findings, the trial court's erroneous legal conclusions, excessiveness of the damages, the award of prejudgment interest, and the award of damages against Lyon individually. We reverse and render.

Appellee, Donald J. Holt, was a manager in Allied Vista's Houston recycling plant. On June 28, 1993, Allied Vista terminated Holt's employment but kept him on the payroll through September 1993. At the time of Holt's termination, Lyon offered him a brokerage position in the Dallas office, with a first year salary of $55,000, the same salary he then received as a manager. After the first year, his income would be based solely on commission. Holt did not accept the position. Instead, in July 1993, he spoke with Lyon about the possibility of starting his own recycling plant in Lake Charles, Louisiana. Holt testified Lyon promised to continue his $55,000 salary as a consultant for the year it would take him to start the Lake Charles plant, even though he did no consulting work. Holt contends Lyon promised him whatever equipment he needed to start the plant. According to Lyon, however, he offered Holt any surplus equipment Allied Vista might have. The parties agree that no specific items of equipment were discussed. Holt testified they discussed payment for the equipment out of the new plant's profits, but they did not discuss terms or amounts.

At the beginning of August 1993, Holt moved to Louisiana and began preparations to start a new plant in Lake Charles. Holt testified he periodically updated Lyon on his progress. In mid- or late August, Lyon informed Holt that Allied Vista would supply only a conveyor and baler. Holt testified he could not start a plant with only those two pieces of equipment, and he was financially unable to obtain the necessary equipment elsewhere. Holt testified that if Lyon had told him he would not give him the equipment needed to start the plant, Holt would have accepted the brokerage position. By the time Holt told Lyon he would accept the brokerage position in September, it was no longer available. Holt ultimately found a job in Louisiana that paid only $30,000 per year.

Holt sued both Allied Vista and Lyon for negligent misrepresentation, breach of contract and promissory estoppel. The jury rejected Holt's breach of contract claims, finding there was no agreement that "Allied Vista would supply all of the plant equipment necessary for Donald Holt to establish a recycling plant in Lake Charles" or that "Allied Vista would pay Donald Holt as a consultant while he was establishing a recycling plant in Lake Charles until the plant was up and running." Despite these answers, the jury answered affirmatively to the questions on negligent misrepresentation and promissory estoppel. Neither question identified the misrepresentation or promise, however. Based on either of these findings, the jury awarded damages in the amount of $135,000 for "[l]ost salary from not having the brokerage position."

In points of error one and two, appellants first argue that these findings cannot support the damages as a matter of law. In points three and four, they argue the evidence does not support the judgment as a matter of law. Because these points are related, we discuss them together.

When appellants attack the legal sufficiency of an adverse finding on an issue on which they did not have the burden of proof, appellants must demonstrate on appeal that there is no evidence to support the adverse finding. *See Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983). In reviewing the evidence under a no-evidence point, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *See Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 285–86 (Tex. 1998) (citing *Harbin v. Seale,* 461 S.W.2d 591, 592 (Tex.1970)). If there is any evi-

dence of probative force to sustain the finding, the no-evidence challenge must be overruled and the finding upheld. *See Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996).

Damages must be measured by a legal standard, and that standard must be used to guide the fact finder in determining what sum would compensate the injured party. *See Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87, 90 (Tex.1973). The proper measure of damages is a question of law for the court and the court's charge should limit the jury's consideration to facts that are properly a part of the damages allowable. *See Chrysler Corp. v. McMorries,* 657 S.W.2d 858, 862 (Tex.App.—Amarillo 1983, no writ); *Johnson v. Willis,* 596 S.W.2d 256, 262 (Tex. Civ.App.—Waco), *writ ref'd n.r.e.,* 603 S.W.2d 828 (Tex.1980).

The elements of a cause of action for negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *See Federal Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991). Significantly, the sort of "false information" contemplated in a negligent misrepresentation case is a misstatement of *existing fact,* not a promise of future conduct. *See Airborne Freight Corp., Inc. v. C.R. Lee Enters., Inc.,* 847 S.W.2d 289, 294 (Tex.App.—El Paso 1992, writ denied).[1]

At trial, Holt attempted to establish only two representations by Lyon: (1) Lyon agreed to provide all the equipment needed to start the Louisiana plant; and (2) Lyon agreed to pay Holt an annual salary of $55,-000 as a consultant while Holt attempted to start the new plant.[2] These representations are insufficient to establish negligent misrepresentation as a matter of law because they do not constitute a representation of existing fact. Thus, there is no evidence in the record to support a misrepresentation of existing fact sufficient to prove the tort of negligent misrepresentation. *See Airborne Freight Corp.,* 847 S.W.2d at 298 (holding that a conditional promise of future employment was insufficient as a matter of law to establish negligent misrepresentation).

The jury also answered the question on promissory estoppel affirmatively. Generally, promissory estoppel is a viable alternative to breach of contract. The elements of promissory estoppel are a promise, foreseeability by the promisor that the promisee would rely on the promise, and substantial reliance by the promisee to his detriment. *See English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983). The Texas Supreme Court has explained that the theory of promissory estoppel "does not create a contract where none existed before, but only prevents a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them. . . . The function of the doctrine of promissory estoppel is, under our view, defensive in that it estops a promisor from denying the enforceability of the promise." *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 937 (Tex.1972). Promissory estoppel does not operate to create liability where it does not otherwise exist. *See Hruska v. First State Bank of Deanville,* 747 S.W.2d 783, 785 (Tex.1988)

Holt argues that even though the jury found no contract to supply *all* the necessary equipment, it could have properly found a promise to supply *surplus* equipment. Appellants counter, however, that this promise is too vague to support detrimental reliance.

---

1. Holt did not plead or submit a jury question on fraud. Thus, Holt's reliance on fraud cases is misplaced. *See, e.g., Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 434 (Tex.1986) (holding that a promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act).

2. The jury found that Lyon and Holt did not have an agreement as to either of these promises, and Holt does not challenge these non-findings by cross-point. In addition, Holt did not plead or provide evidence that Lyon promised to hold the brokerage position open for an indefinite period of time.

We agree. Courts have emphasized that "estoppel requires a *reasonable* or *justified* reliance on the conduct or statement of the person sought to be estopped by the person seeking the benefits of the doctrine." *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 108 (Tex.App.—Dallas 1987, writ ref'd n.r.e.) (emphasis in original). Holt conceded he never provided Lyon with a list of equipment he needed, but he simply presumed Lyon would know the items required to start a recycling plant. In addition, after Lyon told him only two pieces of equipment were available, Holt never called back and asked for additional pieces or asked that the two offered items be sent to Louisiana. We conclude that, in the absence of a definite promise of specific items of equipment, Holt's reliance was not reasonable or justified as a matter of law.

Furthermore, appellants assert Holt improperly recovered damages for lost salary arising from an employment-at-will relationship that never came into existence. There is no evidence of a written employment agreement. In Texas, the long-standing rule provides for employment at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary. *See Collins v. Allied Pharmacy Management, Inc.,* 871 S.W.2d 929, 937 (Tex.App.—Houston [14 th Dist] 1994, no writ). Reliance on a supposed promise of continued employment is unjustified. *Id.* at 938 (holding that promissory estoppel is not available to avoid termination at will); *see also Robert J. Patterson, P.C. v. Leal,* 942 S.W.2d 692, 695 (Tex.App.—Corpus Christi 1997, writ denied).

Damages for anticipated lost salary are inappropriate where employment is at will. Even if Holt had accepted the brokerage position, he could have been terminated the next day. Because Holt's employment as a broker would have been at will, he cannot establish he would have received the salary he contends he forfeited in reliance on Lyon's promises. There is no certainty how long Holt would have worked as a broker. Therefore, the damages awarded by the jury are speculative. To recover for lost income, the amount of the loss must be shown by competent evidence based upon reasonable certainty. *See White v. Southwestern Bell Tel. Co.,* 651 S.W.2d 260, 262 (Tex.1983).

Moreover, in a claim for promissory estoppel, only reliance damages are allowed. *See Fretz Constr. Co. v. Southern Nat'l Bank,* 626 S.W.2d 478, 483 (Tex.1981). It is well settled that damages for promissory estoppel are "not measured by the profits that such party's reliance led him to expect, but instead are limited to the amount necessary to compensate that party for a loss already suffered." *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 734 (Tex.1981). The damages that may be awarded are those required to restore the promisee to his former position. *See Hart v. Moore,* 952 S.W.2d 90, 97 (Tex.App.—Amarillo 1997, pet. denied) (approving damages to reimburse the plaintiff for expenditures to restore the status quo). As the Texas Supreme Court has long recognized, "[w]here the promisee has failed to bind the promisor to a legally sufficient contract, but where the promisee has acted in reliance upon a promise to his detriment, the promisee is to be allowed to recover no more than reliance damages measured by the detriment sustained. Since the promisee in such cases is partially responsible for his failure to bind the promisor to a legally sufficient contract, it is reasonable to conclude that all that is required to achieve justice is to put the promisee in the position he would have been in had he not acted in reliance upon the promise." *Wheeler v. White,* 398 S.W.2d 93, 97 (Tex.1965).

Holt's only answer to these authorities is that they are inapplicable because he did not rely on a promise of employment, but instead, he relied on a promise of equipment. His authorities are not on point. *See, e.g., Sipco Servs. Marine, Inc. v. Wyatt Field Serv. Co.,* 857 S.W.2d 602, 605 (Tex.App.—Houston [1 st Dist.] 1993, no writ) (permitting recovery for promissory estoppel where plaintiff relied on subcontractor's promise to do painting job); *Traco, Inc. v. Arrow Glass, Inc.* 814 S.W.2d 186, 192 (Tex.App.—San Antonio 1991, writ denied) (permitting recovery for promissory estoppel for subcontractor's failure to supply doors according to bid). This distinction does not alleviate the fatal

problem with the measure of damages in this case, however.[3]

We also distinguish Holt's reliance on *Roberts v. Geosource Drilling Services,* 757 S.W.2d 48 (Tex.App.—Houston [1 st Dist.] 1988, no writ). First, there was a written employment contract in *Roberts.* Second, this court has expressly disapproved of *Roberts* in *Collins. See* 871 S.W.2d at 937–38. Furthermore, the *Roberts* court simply reversed a summary judgment for the defendant because fact questions existed, and damages were not at issue. *See* 757 S.W.2d at 51.

 In addition, damages for lost salary are not available under Holt's claim for negligent misrepresentation. Negligent misrepresentation damages are limited to out-of-pocket expenses; damages for benefit of the bargain are not available. *See Federal Land Bank,* 825 S.W.2d at 442–43. The RESTATEMENT provides as follows:

(1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is legal cause, including

(a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and

(b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

(2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

RESTATEMENT (SECOND) OF TORTS § 552B (1977). The damages in this case give Holt the benefit of an employment-at-will position that never came into existence. Holt cites to various authorities holding that other elements of damages are appropriate for misrepresentation claims. *See, e.g., Henry S. Miller Co. v. Bynum,* 836 S.W.2d 160 (Tex. 1992); *W.O. Bankston Nissan, Inc. v. Walters,* 754 S.W.2d 127 (Tex.1988). These cases involve DTPA claims, however, and are inap-

plicable to these facts. Accordingly, we hold Holt is not entitled to recover benefit of the bargain damages.

Finally, we must reject Holt's contention that his damages are appropriate because he expended considerable effort in attempting to establish the Louisiana plant and that the value of the equipment promised exceeds the damages awarded. The jury did not award damages on either of these bases.

Because the damages awarded are not available as a matter of law, and there is legally insufficient evidence to support the judgment, we sustain points of error one through four. We reverse the judgment entered below and render judgment that Holt take nothing.

---

**3.** For example, in *Sipco,* cited by Holt, the damages permitted were the out-of-pocket expenses

to replace the subcontractor who did not perform as promised. *See* 857 S.W.2d at 607.