Frost Crushed Stone Company v. Odell Geer Construction Company
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-282-CV

     FROST CRUSHED STONE
     COMPANY, INC.,
                                                                         Appellant
     v.

     ODELL GEER CONSTRUCTION
     CO., INC.,
                                                                         Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 33,038
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Odell Geer Construction Company (“Geer”) sued Frost Crushed Stone Company (“Frost”)
under theories of breach of contract, negligent misrepresentation, and promissory estoppel. Before
trial, Geer non-suited Frost on all claims except promissory estoppel. Following a jury trial, the
court entered judgment in favor of Geer. The jury awarded actual damages in the amount of
$40,000 plus attorney’s fees. Frost argues that 1) there is no evidence and factually insufficient
evidence to support the reliance element of Geer’s promissory estoppel claim; 2) there is no
evidence and factually insufficient evidence to overcome the statute of frauds defense established
by Frost; 3) the statute of frauds bars recovery on Frost’s oral promise as a matter of law; 4) the
trial court erred in submitting the question of lost profits to the jury; and 5) the trial court erred
in permitting Geer to recover attorney fees based on a contingent fee percentage.
Background
      On October 12, 1995, Geer submitted a bid (as a subcontractor) to Ellis McGinnis
Construction Company (“Ellis”), the general contractor, to produce and haul “flex base” rock for
a highway project. Geer contends Frost offered to supply the rock to Geer for the project in a
telephone conversation. On October 30, 1995, Geer sent a letter to Texas Trucking Company
(“TTC”) offering to contract to haul the “flex base” rock, conditioned upon Geer’s receipt of a
contract from Ellis. Geer asserts that it relied on Frost’s promise to furnish the rock when it
contracted with TTC to haul the rock. Ellis subsequently accepted Geer’s bid on November 2,
1995. After Ellis accepted Geer’s bid, Frost provided a written price quote for the rock. TTC
signed a hauling contract with Geer on November 9, 1995, to transport the rock. Several months
later, Frost notified Geer that it would be unable to supply the rock as previously promised. 
Promissory Estoppel
      Although promissory estoppel is normally a defensive theory, it is an available cause of action
to a promisee who relied to his detriment on an otherwise unenforceable promise. See Wheeler
v. White, 398 S.W.2d 93, 96-97 (Tex. 1965); Reyna v. First Nat’l Bank Edinburg, 55 S.W.3d 58,
70 n.4 (Tex. App.—Corpus Christi 2001, no pet.); Boales v. Brighton Builders, Inc., 29 S.W.3d
159, 166 (Tex. App.—Houston[14th Dist.] 2000, no pet.); Bailey v. City of Austin, 972 S.W.2d
180, 193 (Tex. App.—Austin 1998, pet. denied); Cherokee Communications, Inc. v. Skinny’s,
Inc., 893 S.W.2d 313, 317 (Tex. App.—Eastland 1994, writ denied); Henderson v. Texas
Commerce Bank-Midland, N.A., 837 S.W.2d 778, 781-82 (Tex. App.—El Paso 1992, writ
denied). The requisites of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of
reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment. 
See English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983); Bailey, 972 S.W.2d at 193; Allied
Vista, Inc. v. Holt, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). 
      The San Antonio Court has held that promissory estoppel is a viable cause of action in bid
construction cases. The court held:
As is true in most, if not all, bid construction cases, the present situation does not involve
a contract. Therefore, were we to hold that promissory estoppel does not exist in bid
construction cases, this would necessarily mean that, notwithstanding any language or
conduct by the subcontractor which leads the general contractor to do that which he
would not otherwise have done and, thereby, incur loss or injury, the general contractor
would be denied all relief. This proposition is untenable and conflicts with the
underlying premise of promissory estoppel. Accordingly, we find that promissory
estoppel is a viable cause of action in bid construction cases.
Traco, Inc. v. Arrow Glass Co., Inc., 814 S.W.2d 186, 189 (Tex. App.—San Antonio 1991, writ
denied) (citations omitted); see also Sipco Servs. Marine, Inc. v. Wyatt Field Serv. Co., 857
S.W.2d 602, 605 (Tex. App.—Houston [1st Dist.] 1993, no writ) (permitting recovery for
promissory estoppel where plaintiff relied on subcontractor’s promise to do painting job). 
Reliance
      A central element of promissory estoppel is detrimental reliance. See Gilmartin v. KVTV-Channel 13, 985 S.W.2d 553, 558 (Tex. App.—San Antonio 1998, no pet.) (citing Collins v.
Allied Pharmacy Mgt., Inc., 871 S.W.2d 929, 937 (Tex. App.—Houston [14th Dist.] 1994, no
writ)). Reliance on the promise must be reasonable and justified. Id. (citing American Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 436 (Tex. 1997); Sipco, 857 S.W.2d at 605).
      In point one, Frost contends that there is no evidence and factually insufficient evidence to
support the reliance element of Geer’s promissory estoppel claim. Frost contends that the
evidence shows that Geer did not rely on Frost’s promises because: 1) Geer did not use Frost’s
figures in submitting its bid to Ellis; and 2) Frost’s written quote came after Geer had contracted
with TTC. Geer argues, however, that it detrimentally relied on Frost’s oral promise in
contracting with TTC to haul the rock. 
No Evidence
      When we review a no evidence claim, we consider only the evidence and inferences which
tend to support the contested issue and disregard all evidence and inferences to the contrary. See
Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Beard v. Beard, 49
S.W.3d 40, 55 (Tex. App.—Waco 2001, pet. denied). We will sustain such a point if: (a) there
is a complete absence of evidence of a vital fact; (b) we are barred by rules of law or evidence
from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to
prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the
opposite of the vital fact. Id. (citing Robert W. Calvert, “No Evidence” and “Insufficient
Evidence” Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960)). “More than a scintilla of
evidence exists when the evidence supporting the finding, as a whole, ‘rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions.’” Id. (quoting Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)).
        Rey Whitener testified that Frost made an oral promise to furnish the rock before Geer
contracted with TTC. Instead of hauling the rock on its own, Geer decided to contract with TTC
to haul the rock furnished by Frost. The written quote served to confirm Frost’s prior oral
promise to Geer. Considering only the evidence and inferences which tend to support the
contested issue and disregarding all evidence and inferences to the contrary, we hold that the
record contains more than a scintilla of evidence that Geer detrimentally relied on Frost’s oral
promise to furnish the rock. Havner, 953 S.W.2d at 711; Beard, 49 S.W.3d at 55.
Factual Sufficiency
      A factual sufficiency challenge requires us to consider and weigh all the evidence, not just the
evidence which supports the verdict. See Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402,
406-07 (Tex. 1998) (citations omitted). We will set aside the verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. We may not pass
upon the witnesses’ credibility or substitute our judgment for that of the jury, even if the evidence
would clearly support a different result. Id. Viewing all the evidence for a factual sufficiency
challenge, we agree with Frost’s contention that Geer did not rely on the information from Frost
when submitting a bid to the general contractor (Ellis). The proper issue, however, is whether
Geer’s contract with TTC was made in reliance on Frost’s promises to furnish the rock.
      Rey Whitener, Vice-President and Chief Estimator for Geer, testified that Ray Fleet of Frost
called him in October 1995 and submitted a price for furnishing the rock on the project. Whitener
stated that this initial phone conversation occurred before Geer was awarded the Ellis contract. 
Geer offered to contract with TTC to haul the rock furnished by Frost in a letter dated October
30, 1995. Whitener received Frost’s written price quote confirming the prior conversation in
November 1995. Whitener called Frost, and Fleet confirmed the written quote to furnish the rock.
      Fleet testified, however, that the first time he had any contact with Geer was in December
1995, after Geer had contracted with TTC. 
      Frost President, Marcus Frost, testified that Frost sent a price quote directly to Ellis on
October 5, 1995, with knowledge that Geer was the subcontractor. He confirmed that Frost later
sent a written quote to Geer.
      Viewing all the evidence in the record, we do not find the verdict to be so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Whitener testified that
Fleet made an oral promise in October to furnish the rock. While Fleet testified that his first
contact with Geer came in December, the jury was free to believe Whitener’s testimony. See
Lance v. USAA Ins. Co., 934 S.W.2d 427, 429 (Tex. App.—Waco 1996, no writ) (the jury is free
to believe or disbelieve any witness, regardless of whether the witness’s testimony is later
controverted). Frost offered no other evidence to controvert Whitener’s testimony. Further, the
written price quote from Frost confirms the testimony of Whitener regarding Fleet’s earlier
promise. Thus, we find the evidence factually sufficient to justify a finding that Geer relied on
Frost’s oral promise to its detriment in contracting with TTC to haul the rock. 
      Accordingly, point one is overruled.
Statute of Frauds as a Defense
      In point two, Frost argues that there is no evidence and factually insufficient evidence to
overcome the statute of frauds defense it asserted. Specifically, Frost asserts that there is no
evidence that it promised to sign a written agreement or misrepresented that the statute of frauds
had been satisfied. 
      In point three, Frost argues that the trial court erred in submitting a jury question on a
promissory estoppel theory of recovery because the promise is unenforceable as a matter of law
under the statute of frauds. Specifically, Frost urges that Geer’s claims are unenforceable because
no writing exists to satisfy the necessary contractual elements of price, quantity, and time of
delivery.
      This is not a case where promissory estoppel was asserted as a counter-defense to the statute
of frauds.


 Here, as in Traco, Geer sought affirmative relief under the equitable doctrine of
promissory estoppel based on the premise that it detrimentally relied on Frost’s oral bid. See
Traco, 814 S.W.2d at 188. Frost’s statute of frauds arguments ignore Geer’s basic contention and
the legal theory under which this suit was brought. Id. The written price quote is relevant to this
cause of action only because it is further evidence of Frost’s oral promise. Accordingly, points
two and three are overruled.
Damages
      In point four, Frost argues that the trial court erred in awarding Geer lost profits or benefit
of the bargain damages. In the alternative, Frost contends that there is no evidence and factually
insufficient evidence to support the damages award.
      Damages recoverable in a case of promissory estoppel are not the profits that the promisee
expected, but only the amount necessary to restore him to the position in which he would have
been had he not relied on the promise. See Fretz Const. Co. v. Southern Nat. Bank, 626 S.W.2d
478, 483 (Tex. 1981); Holt, 987 S.W.2d at 142. Thus, in the present case, the damages are the
amount necessary to place Geer in the position in which it would have been if not for reliance on
Frost’s promise. The evidence established that Geer could have furnished and transported the rock
itself for $5.50 per ton. Geer chose not to produce and haul the rock itself when Frost promised
to furnish the rock. Geer relied on Frost’s promise in contracting with TTC to haul the rock from
Frost’s site. Ultimately, Geer was forced to pay TTC $6.59 per ton, instead of $5.50 per ton, to
haul the rock from Geer’s own site following Frost’s refusal to perform. This created a difference
of $1.09 per ton to place Geer in its original position. The evidence shows that Geer needed
approximately 40,000 tons of rock for the project, and thus, the reliance damages approximate
$40,000. This calculation of damages is not based on lost profits. Accordingly, we hold that
there is some evidence and factually sufficient evidence to support the damages award. Point four
is overruled.Attorney’s Fees
      Failure to Object
      First, we will address whether Frost properly preserved any complaint regarding the charge
error. The record shows that Frost did not object to “Jury Question No.3.” To preserve error
in the jury charge, a party must make the trial court aware of the complaint, timely and plainly,
and obtain a ruling. See State Dep't of Highways & Public Transp. v. Payne, 838 S.W.2d 235,
241 (Tex. 1992). Objections must be made before the charge is read to the jury. See Missouri
Pac. R.R. Co. v. Cross, 501 S.W.2d 868, 873 (Tex. 1973); Operation Rescue-Nat'l v. Planned
Parenthood of Houston, 937 S.W.2d 60, 69 (Tex. App.—Houston [14th Dist.] 1996), aff'd as
modified, 975 S.W.2d 546 (Tex. 1998). By not objecting to question 3, Frost has waived any
error with regard to the submission of the question.
“No Evidence” of Reasonable Attorney’s Fees
      Next, we address whether Geer presented more than a scintilla of evidence to support the
jury’s attorney’s fees award. Frost cites Arthur Andersen & Co. v. Perry Equip. Corp. for the
proposition that evidence of a contingent fee agreement alone is not sufficient to support an award
of attorney’s fees. 945 S.W.2d 812, 817-18 (Tex. 1997). In that DTPA cause of action, the
Supreme Court found that “the plaintiff cannot simply ask the jury to award a percentage of the
recovery as a fee because without evidence of the factors identified in Disciplinary Rule 1.04, the
jury has no meaningful way to determine if the fees were in fact reasonable and necessary.” Id.
at 818. The Supreme Court listed several factors that a fact-finder should consider when
determining the reasonableness of a fee, including: 
(1) the time and labor required, the novelty and difficulty of the questions involved, and
the skill required to perform the legal service properly; 
 
(2) the likelihood . . . that the acceptance of the particular employment will preclude
other employment by the lawyer;
 
(3) the fee customarily charged in the locality for similar legal services;
 
(4) the amount involved and the results obtained;
 
(5) the time limitations imposed by the client or by the circumstances;
 
(6) the nature and length of the professional relationship with the client;
 
(7) the experience, reputation, and ability of the lawyer or lawyers performing the
services; and
 
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection
before the legal services have been rendered.

Id.
      Geer presented evidence of the customary attorney’s fees for this type of case in Falls County,
Texas. Geer also submitted evidence of the amount of hours spent preparing for trial. Finally,
Geer presented evidence of the contingency fee arrangement. Applying the appropriate “no
evidence” standard of review, Geer offered more than a scintilla of evidence to support the
attorney’s fees award. Accordingly, point five is overruled.
      The judgment is affirmed.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Affirmed
Opinion delivered and filed December 11, 2002
Publish
[CV06]