United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 02-20818
Summary Calendar

_____

NUNN, YOEST, PRINCIPALS & ASSOCIATES, INC.,
DOING BUSINESS AS CROSSROAD CARRIERS,

Plaintiff-Appellant,

VERSUS

UNION PACIFIC CORPORATION AND UNION PACIFIC RAILROAD COMPANY

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
m H-98-CV-3396

_____

Before JOLLY, HIGGINBOTHAM, and SMITH,
Circuit Judges.

PER CURIAM:*

Nunn, Yoest, Principals & Associates, Inc. ("Nunn, Yoest"), appeals a summary judgment on claims of breach of contract, negligent misrepresentation, and fraud. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Nunn, Yoest is a shipping broker that arranges rail transportation under the business name CrossRoad Carriers ("CrossRoad"). It acts as an intermediary, arranging for the shipment of its clients' cargo on third-party rail carriers. In August 1997, CrossRoad entered into an agreement with Union Pacific Railroad ("Union Pacific") that set shipping rates and provided for the payment of rebates to CrossRoad based on the volume of shipping it arranged through UPRR.

CrossRoad alleges that as a result of Union Pacific's merger with Southern Pacific Railroad, there was a deterioration in Union Pacific's service and performance. CrossRoad asserts that its shipments were delayed, mishandled, and misplaced, and that Union Pacific failed to deliver freight according to the times provided on its schedules. CrossRoad became so dissatisfied that it elected to ship its cargo on other carriers.

In October 1998, CrossRoad sued Union Pacific and its parent company, Union Pacific Corporation ("UPC"), for breach of contract against Union Pacific and for fraud and negligent misrepresentation against Union Pacific and UPC. Almost three years later, the district court entered summary judgment against CrossRoad on all claims. We review a summary judgment *de novo*. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003).

## II.

To succeed on a claim for breach of contract, a plaintiff must prove the defendant violated some obligation under the agreement.[2]

---

[2] *See Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636-37 (Tex. App.SSHouston [1st Dist.] 2002, pet. denied).

Although the existence of a binding contract is unquestioned, CrossRoad has failed to demonstrate that Union Pacific failed to live up to any of its provisions.

CrossRoad alleges that Union Pacific breached the agreement by failing timely to perform its obligations. The principal feature of the agreement was the Union Pacific Revenue Incentive Plan Provision ("incentive plan"), which obligated UPRR to pay a rebate to CrossRoad based on the aggregate amount of business CrossRoad brought to UPRR in excess of $2.2 million per year. The contract does not, however, reference any specific requirements or obligations with respect to the delivery of CrossRoad's shipments, but, instead, provides that such shipments are governed by the terms of the applicable shipping order and certain external documents, particularly UP System Exempt Circular 20B.

Circular 20B provides that "[c]arriers will transport the shipment in accordance with the plan of service specified on the shipping order, with reasonable dispatch but not on any particular train or schedule." It may be true that this provision imposes on UPRR an obligation to make reasonably timely delivery of any particular shipment which it has agreed to deliver. CrossRoad, however, does not claim damage or delay to particular freight. Instead, it contends that its brokerage business was undermined by Union Pacific's generally bad performance.

According to CrossRoad, Union Pacific's inefficiency and untimeliness constitutes a breach of their agreement, because it prevented CrossRoad from relying on UPRR for its shipping, and thus precluded it from realizing

the amounts it had anticipated based on the incentive plan. As the district court noted, the parties' agreement did not render Union Pacific a surety of CrossRoad's business success.

## III.

CrossRoad argues that defendants are liable for fraud and negligent misrepresentation in connection with various statements, including projections that Union Pacific's merger with Southern Pacific Railroad would benefit rail customers by improving transit times and reliability of service generally, and additional representations that the bottlenecking problem Union Pacific was experiencing would not have a negative impact on CrossRoad's shipments. Claims of negligent misrepresentation, however, must be based on past or present facts.[3] Consequently, a plaintiff may not base such claims on statements regarding future events.[4] Likewise, with some exceptions, an action for fraud cannot arise from expressions of opinion or predictions about the future. *Bryant v. Transcon. Gas Pipe Line Co.*, 821 S.W.2d 187, 190 (Tex. App.SSHouston [14th Dist.] 1991, pet. denied).

CrossRoad contends that the disputed statements concerning Union Pacific's expected performance were expressions of present facts, because Union Pacific should have known, at the time, that it would be unable to perform in the manner represented. Even if we accepted this argument, to support a cause for fraud or misrepresentation a plaintiff must prove that its reliance was justifiable. *See Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 358, 360 (5th Cir. 1996). "The justifiableness of the reliance is judged in light of the plaintiff's intelligence and experience." *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 615 (5th Cir. 1996). CrossRoad is a sophisticated, long-time participant in the freight shipping industry and cannot demonstrate that its reliance on Union Pacific's optimistic projections was justifiable.[5]

As here hereinabove explained, and as further explicated by the district court in its cogent opinion entered June 18, 2002, the summary judgment is AFFIRMED.

---

[3] *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.SSHouston [14th Dist.] 1999, pet. denied); *Key v. Pierce*, 8 S.W.3d 704, 709 (Tex. App.SSFort Worth 1999, pet. denied).

[4] *Allied Vista*, 987 S.W.2d at 141 ("[T]he sort of 'false information' contemplated in a negligent misrepresentation case is a misstatement of existing fact, not a promise of future conduct.").

[5] *See Clardy*, 88 F.3d at 358, 360 (stating that sophisticated plaintiffs with industry experience are unable, as a matter of law, to prove justifiable reliance); *cf. Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 682 (noting that plaintiffs were experienced executives who could not have reasonably relied on misrepresentations at issue).