Affirmed and Opinion filed May 25, 2004









Affirmed
and Opinion filed May 25, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00463-CV

____________

 

LORRAINE M. MAÑON, Appellant

 

V.

 

MANUEL E. SOLIS, Appellee

 



 

On Appeal from the 295th
District Court 

Harris County, Texas

Trial Court Cause No. 96-57952

 



 

O P I N I O N








Appellant Lorraine M. Mañon appeals from
the trial court=s January 23, 2003 order granting judgment
to appellee Manuel E. Solis on all claims. 
This case arises from a dispute concerning the information appellee
disclosed during his recruitment of appellant for an attorney position at his
law firm.  Appellant alleges that
appellee made fraudulent and negligent misrepresentations during the course of
pre-employment negotiations between the parties.[1]
 The trial court initially granted
summary judgment in favor of appellee, but the Eleventh Court of Appeals
reversed the trial court=s judgment and remanded the case for
trial.[2]  On remand, a jury found appellant=s allegations to
be unfounded.  This appeal followed.

The Issues

Appellant raises seven issues in this
appeal: (1) whether she has procedurally established her claims as a matter of
law, (2) whether the evidence conclusively establishes her claims, (3) whether
there is no evidence to support appellee=s affirmative
defenses, (4) whether the trial court erred in denying her motion for judgment
notwithstanding the verdict, (5) whether the trial court erred in denying her
motion for new trial, (6) whether the trial court erred in denying her motion
to seal records, and (7) whether the trial court erred in failing to impose
sanctions upon appellee.  Because
appellant=s second and fourth issues implicate the
same arguments and authorities, we address them together.  We also discuss appellant=s sixth and
seventh issues together.  We affirm.

Procedural Establishment of Claims as a
Matter of Law








In her first issue, appellant argues that
she has procedurally established her claims as a matter of law.  In connection with this issue, she raises a
number of grounds upon which this assertion is based, including: (1) the trial
court lacked jurisdiction/plenary power, (2) the law of the case doctrine, (3)
waiver/election of remedies doctrine, (4) statutory bar (citing section 10.006
of the Texas Civil Practice and Remedies Code), and (5) judicial estoppel.[3]  Appellant=s basis for
grounds (1) through (4) is that the trial court=s initial finding
that no genuine issue of material fact exists remains binding even after the
Eleventh Court of Appeals reversed that finding.  Consequently, she argues, appellee cannot now
contest any facts before the trial court upon remand.  We disagree. 
The general rule, of course, is that when an appellate court reverses
and remands a case for further proceedings and the mandate is not limited by
special instructions, the effect is to remand the case to the lower court for a
new trial on all issues of fact, and the case is reopened in its entirety.  Hudson v. Wakefield, 711 S.W.2d 628, 630
(Tex. 1986).  The opinion and mandate
issued by the Eleventh Court of Appeals do not provide any special instructions
to the trial court upon remand; therefore, the case was remanded for a new
trial on all issues of fact, and the case was reopened in its entirety.  Appellant=s arguments
concerning the trial court=s lack of jurisdiction/plenary
power, the law of the case doctrine, waiver/election of remedies, and statutory
bar are thus without merit.

Moreover, the doctrine of judicial
estoppel is inapplicable in this case as well. 
Judicial estoppel applies if all of the following elements are present:
(1) a sworn, prior inconsistent statement was made in a judicial proceeding,
(2) the party now sought to be estopped successfully maintained the prior
position, (3) the prior inconsistent statement was not made inadvertently or
because of mistake, fraud, or duress, and (4) the statement was deliberate,
clear, and unequivocal.  Spera v.
Fleming, Hovenkamp & Grayson, P.C., 25 S.W.3d 863, 871 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  While appellee=s motion for
summary judgment was initially granted by the trial court, the Eleventh Court
of Appeals reversed that judgment; therefore, appellee did not successfully
maintain his initial position.  Because,
at a minimum, the second element has not been satisfied, the doctrine of
judicial estoppel does not apply. 
Accordingly, appellant=s first issue is
overruled.

Conclusive Establishment of Claims and
Judgment Notwithstanding the Verdict

In her second issue, appellant argues that
her claims are conclusively established by the evidence.  In her fourth issue, she argues that the
trial court erred in denying her motion for judgment notwithstanding the verdict.  A motion for judgment notwithstanding the
verdict should be granted when the evidence is conclusive and one party is
entitled to judgment as a matter of law. Mancorp, Inc. v. Culpepper, 802
S.W.2d 226, 227-28 (Tex. 1990).  Because
these two issues raise essentially the same question (i.e., whether
appellant is entitled to judgment as a matter of law), we address them together
here.








We review a denial of a motion for
judgment notwithstanding the verdict under a legal sufficiency standard. Navarette
v. Temple Independent School Dist.,706 S.W.2d 308, 309 (Tex. 1986).  We view the evidence in the light most
favorable to the trial court=s findings,
considering only the facts and inferences that support them.  Id. 
If more than a scintilla of evidence exists supporting the trial court=s findings, the
motion for judgment notwithstanding the verdict was properly denied. Culpepper,
802 S.W.2d at 228.  Evidence supporting a
finding amounts to more than a scintilla if reasonable minds could arrive at
the finding given the facts proved in a particular case.  Burroughs Wellcome Co. v. Crye, 907 S.W.2d
497, 499 (Tex. 1995).  Our review of the
evidence below yields the conclusion that reasonable minds could arrive at the
trial court=s findings as to fraud, fraud by omission,
negligent misrepresentation, and breach of fiduciary duty.[4]

To recover on an action for fraud, a party
must prove: (1) a material representation was made, (2) the representation was
false, (3) when the speaker made the representation, he knew it was false or
made it recklessly without knowledge of the truth as a positive assertion, (4)
the speaker made it with the intention that it should be acted upon by the
party, (5) the party acted in reliance upon it, and (6) the party thereby
suffered injury.  Johnson &
Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex.
1998).  Fraud by omission or
non-disclosure is simply a subcategory of fraud because the omission or
non-disclosure may be as misleading as a positive misrepresentation of fact
where a party has a duty to disclose.  Schlumberger
Technology Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997).








In this case, one could reasonably
conclude based on the evidence that appellant has not satisfied the third
element.  Proof that a defendant made the
statement knowing of its falsity or recklessly without knowledge of its truth
may be proved by either direct or circumstantial evidence.  Spoljaric v. Percival Tours, Inc., 708
S.W.2d 432, 435 (Tex. 1986).  A wealth of
circumstantial evidence presented at trial tends to support the conclusion that
appellee had no knowledge of the alleged falsity of his representations and did
not make such statements with reckless disregard for the truth.  Testimony indicates that appellee routinely
gave appellant Fridays off.  When asked
whether she wished to be compensated for the extra work she performed on
certain occasions, appellant responded in the negative and that she and
appellee Abroke even.@  Appellant was even paid for the week she was
on sick leave despite the fact that, at the time, she had only worked at the
firm for approximately one month. 
Appellee also agreed to provide appellant with a cell phone for her
personal use.

Further, testimony supports the fact that
appellant rarely, if ever, made her dissatisfaction with her working conditions
(i.e., her schedule, docket, secretarial and outside counsel
arrangements, etc.) known to appellee, despite his Aopen door policy@ and willingness
to accommodate employees with family obligations.  While appellant alleges that required
attendance at Amandatory@ meetings was not
disclosed, testimony indicates that appellee was quite willing to accommodate
those employees who were unable attend if 
they spoke to him about it beforehand. 
Shortly before resigning from the firm, appellant was extended an offer
by appellee to remain employed with the firm for several months to allow her to
locate new employment opportunities. 
Appellee even offered to assist appellant with the process of seeking
unemployment compensation.  The sum total
of this circumstantial evidence tends to support the conclusion that appellee
was genuinely concerned with appellant=s welfare and
working conditions, and certainly permits the trier of fact to question whether
such an employer would either knowingly or recklessly mislead a friend and
potential employee into accepting a position at the firm.  Appellee=s evidence is
therefore inconsistent with appellant=s allegation that
appellee made misrepresentations with either knowledge or reckless disregard of
the truth.  We therefore find that
appellant did not satisfy the burden of establishing her claims for fraud and
fraud by omission as a matter of law.








To recover on an action for negligent
misrepresentation, a party must prove: (1) a representation was made by the
defendant in the course of business or in a transaction in which he has a
pecuniary interest, (2) the defendant supplied false information for the
guidance of others in their business, (3) the defendant did not exercise
reasonable care or competence in obtaining or communicating the information,
and (4) the plaintiff suffered pecuniary loss by justifiably relying on the
defendant=s representation. Henry Schein, Inc. v.
Stromboe, 102 S.W.3d 675, 706 n.24 (Tex. 2003).  To facilitate our analysis of appellant=s allegation
concerning numerous instances of negligent misrepresentation, we consider those
which relate to promises of future conduct first, followed by those which do
not.

Appellant alleges that appellee
negligently misrepresented the conditions under which she would be employed by
appellee=s firm.  Specifically, she claims that appellee
misrepresented facts relating to (1) her work schedule, (2) her ability to
bring her young son to the classroom maintained for appellee=s children at the
office, (3) her responsibility for only waiver divorce cases, (4) her access to
a full-time secretary, (5) her obligation to attend late-night meetings, and
(6) her right to have her privacy maintained. 
However, the sort of false information contemplated in a negligent
misrepresentation case is a misstatement of existing fact, not a promise of
future conduct. Allied Vista, Inc. v. Holt, 987 S.W.2d 138, 141 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied).  Because these allegations
concern promises of future conduct, they cannot form the basis for a tenable
negligent misrepresentation claim.








Appellant also alleges that appellee
negligently misrepresented facts relating to (1) appellee=s discharge of her
predecessor, John Needham, prior to appellee=s negotiations
with appellant, (2) appellee=s statement that
he was in the process of hiring additional attorneys, (3) appellee=s statement that
he does not advertise for family law cases, and (4) appellee=s outside counsel
arrangements.  However, appellee has
presented sufficient evidence in each instance to support the jury=s finding against
appellant on her negligent misrepresentation claim.  First, even assuming the allegation that
Needham was fired subsequent, rather than prior, to the time appellant accepted
employment with appellee is true, it is difficult to understand how appellant
could have justifiably relied on this misrepresentation to her detriment.  If anything, the misrepresentation provided
appellant with a more accurate picture of the workload she would be expected to
assume.  Second, appellee=s statement that
he was in the process of hiring additional attorneys is not proved false, as
appellant suggests, by the mere facts that (1) she was told by appellee after
accepting employment that he was not going to hire additional attorneys, and
(2) appellee did not in fact hire any additional attorneys.  Therefore, the evidence suggests that
appellee did not provide false information regarding his recruitment of
additional employees.

Similarly, as to appellant=s third allegation
relating to appellee=s representation that he does not advertise
for family law cases, appellant has failed to conclusively establish the
falsity of that statement.  By appellant=s own admission,
appellee presented evidence that his firm generated family law cases through advertising
intended to generate immigration law cases. 
While appellant may question appellee=s distinction
between advertisements specifically appealing for family law clients and those
that advertise for immigration law clients yet also have the effect of bringing
in family law clients, this concern does not necessarily render appellee=s distinction
meaningless in the eyes of the trier of fact. 
Appellee=s evidence thus suggests that he did not
provide false information regarding advertisements for family law cases.  Moreover, appellant does not establish, and
indeed it is difficult to understand, how this representation induced
justifiable reliance on her part. 
Appellant makes no effort to explain how or to what extent the firm=s advertisements
effected her decision to join the firm.

Appellant=s fourth
allegation relates to the firm=s outside counsel
arrangements for contested divorce cases. 
Appellant claims she was told that contested divorce cases were referred
to outside counsel but, in fact, no such arrangement existed.  Appellee testified, however, that Arturo
Euresti, an experienced lawyer in contested divorce cases, was certainly
available for consultation and referrals regarding such cases at the time
appellee and appellant were engaged in pre-employment negotiations.  Moreover, appellee specifically recalled
referring one contested divorce case to Bill Morris.  Appellant has thus failed to conclusively
establish the falsity of appellee=s representation
relating to outside counsel arrangements. 
In sum, we find that appellant did not satisfy her burden of
proving  appellee=s alleged
negligent misrepresentations as a matter of law.








To recover on a claim for breach of
fiduciary duty, a party must prove the existence of a fiduciary relationship.  Crim Truck & Tractor Co. v. Navistar
International Transportation Corp., 823 S.W.2d 591, 594 (Tex. 1992), superseded
by statute on other grounds as stated in Subaru of America, Inc. v. David McDavid
Nissan, Inc., 84 S.W.3d 212 (Tex. 2002). 
While an informal fiduciary duty may arise from a purely personal
relationship of trust and confidence, a fiduciary relationship is an
extraordinary one and will not be created lightly. Associated Indemnity
Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 287-88 (Tex. 1988).  A confidential or fiduciary relationship may
arise when the parties have dealt with each other in such a manner over a long
period of time that one party is justified in expecting the other to act in its
best interest. Insurance Co. of North America v. Morris, 981 S.W.2d 667,
674 (Tex. 1998).  However, mere
subjective trust, without more, does not indicate that the person places
confidence in another in the sense demanded by a fiduciary relationship,
especially in the context of arm=s length dealing. See
Swanson, 959 S.W.2d at 177; Hoggett v. Brown, 971 S.W.2d 472, 488
(Tex. App.CHouston [14th Dist.] 1997, pet.
denied).

The evidence presented at trial fails to
conclusively establish the existence of a fiduciary relationship between
appellant and appellee at the time the parties were engaged in
negotiations.  According to the testimony,
appellant and appellee met during law school and maintained what can best be
considered a casual friendship.  They
visited socially on several occasions during law school and prior to entering
the legal profession.  After establishing
separate career paths, the parties did not exchange a single phone call over a
period of two to three years.  At some
point, they reconnected and resumed their friendship, but little evidence was
presented concerning the nature and extent of the relationship from that point
until the employment negotiations began. 
Thus, while appellant may subjectively believe that the parties shared Aabsolute trust@ in each other due
to their friendship, appellant failed to satisfy her burden to establish the
existence of a fiduciary relationship between the parties as a matter of law.








Because appellant failed to establish her
entitlement to judgment as a matter of law on her claims for fraud, fraud by
omission, negligent misrepresentation, and breach of fiduciary duty, the trial
court did not err in denying her motion for judgment notwithstanding the
verdict.  Accordingly, appellant=s second and
fourth issues are overruled.

Motion for New Trial

In her fifth issue, appellant argues that
the trial court erred in denying her motion for new trial.  She raises several grounds in support of this
claim, including: (1) the jury=s findings are
against the great weight and preponderance of the evidence and are manifestly
unjust, (2) there are overwhelming instances of improper jury argument made by
appellee, and (3) the trial court erred in making numerous discovery and
evidentiary rulings.[5]  We review the trial court=s denial of her
motion for new trial for abuse of discretion. 
See Director, State Employees Workers= Compensation
Division v. Evans, 889 S.W.2d 266, 268 (Tex. 1994).








First, appellant argues that the findings
are against the great weight and preponderance of the evidence and are
manifestly unjust.  As the basis for this
argument, she cites no legal authority and merely incorporates by reference the
first 41 pages of her brief B most of which
have little, if anything, to do with a factual sufficiency review of the
evidence.  An issue not supported by
legal authority is waived. Fredonia State Bank v. General American Life
Insurance Co., 881 S.W.2d 279, 284 (Tex. 1994).  Moreover, an appellate court has no duty to
search a voluminous record without sufficient guidance from an appellant to
determine whether an assertion of reversible error is valid. Nguyen v.
Kosnoski, 93 S.W.3d 186, 188 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  Appellant has waived this issue because it
has been inadequately briefed.  See
Tex. R. App. P. 38.1(h).  Even assuming she did not waive this issue,
however, appellant=s claim still fails.  We hold that the evidence is factually
sufficient to support the jury=s findings because
appellant=s evidence, as detailed in our discussion
of appellant=s second and fourth issues, is neither so
weak as to undermine confidence in the jury=s verdict nor so
greatly outweighed by appellant=s evidence.  See Maritime Overseas Corp. v. Ellis, 971
S.W.2d 402, 407 (Tex. 1998), cert. denied, 525 U.S. 1017 (1998).

Second, appellant argues that there are
overwhelming instances of improper jury argument made by appellee.  She identifies numerous statements in which
appellee advanced Aunfounded accusations of perjury/lies@ or Aattack[ed] the
claims and the process.@ 
However, appellant concedes that many of the statements she identifies
occurred during either voir dire or witness examination; her contentions
relating to those particular statements are therefore waived because they do
not constitute claims relating to improper jury argument. See Tex. R. App. P. 38.1(h).  The remainder of the statements we consider
below.

Appellant did not object at trial during
appellee=s closing argument
to the jury.  It is only when the
probable harm or the resulting prejudice cannot be eliminated or cured by
retraction or instruction that a new trial will be awarded in the absence of
timely objection. Texas Employers= Ins. Ass=n v. Haywood, 266 S.W.2d 856,
858 (Tex. 1954).  Assuming, as appellant
argues, that the instances she identifies constitute (either standing
individually or cumulatively) incurable harm, we must determine whether the
jury argument, by its nature, degree, and extent, constitutes reversibly
harmful error. Standard Fire Ins. Co. v. Reese, 584 S.W.2d 835, 839
(Tex. 1979).[6]








While appellant=s allegation of
improper jury argument contains statements too numerous to detail here, the
comments made by appellee essentially attack either her unemployment claim or
her arguable unwillingness or inability to find suitable employment after her
resignation from appellee=s firm. 
Further, appellee=s jury argument can be fairly read to
charge appellant with bringing an abusive lawsuit against him.  Under Reese, we must consider the
argument=s probable effect
on a material finding. See 584 S.W.2d at 840.  The statements relating to appellant=s unemployment
claim and her unwillingness or inability to find suitable employment are
relevant only to appellant=s damages issue
and therefore have no effect on a material finding made by the jury because it
did not reach the issue of damages. 
Further, we cannot say that the single statement charging appellant with
bringing an abusive lawsuit, though undoubtedly prejudicial and inflammatory,
would have persuaded a juror of ordinary intelligence to reach a verdict
contrary to that which he would have reached but for the argument. See Gannett
Outdoor Co. of Texas v. Kubeczka, 710 S.W.2d 79, 86-87 (Tex. App.CHouston [14th Dist.] 1986, no
pet.).  Moreover, we find that the
probability of prejudice flowing from the cumulative effect of the alleged instances
of improper jury argument does not outweigh the probability that the jury
verdict was grounded on the proceedings and factually sufficient evidence.  Appellant=s claim of
improper jury argument is without merit.








Third, appellant argues that several
discovery and evidentiary rulings made by the trial court require a new
trial.  Appellant raises three claims in
connection with this issue by arguing that the trial court erred: (1) in
refusing to order the production of certain documents during discovery, (2) in
excluding her own testimony concerning Aanything construed
as a legal opinion,@ and (3) in excluding testimony concerning
appellee=s business
practices and/or reputation.  She argues
that these errors probably caused the rendition of an improper judgment.  We review these rulings for abuse of
discretion and address these claims below in that order.  See Dillard Department Stores, Inc. v. Hall, 909
S.W.2d 491, 492 (Tex. 1995) (discovery rulings); Texas Department of
Transportation v. Able, 35 S.W.3d 608, 617 (Tex. 2000) (evidentiary
rulings).

First, appellant claims that the trial court
erred in refusing to order the production of documents pertaining to her
docket, attorney turnover, commencement of Saturday immigration hearings, and
other requested items.  She fails,
however, to identify precisely the documents to which she is referring and to
cite any legal authority in support of her argument.  Appellant=s claim of
discovery error is therefore waived.  See Tex.
R. App. P. 38.1(h); Fredonia State Bank, 881 S.W.2d at 284; Nguyen,
93 S.W.3d at 188.

Second, appellant claims that the trial
court erred in excluding her own testimony concerning Aanything construed
as a legal opinion.@ 
She argues that she was entitled to testify about the legal basis for
her damages claim.  The jury, however,
did not reach the issue of damages in reaching its verdict.  Therefore, any error did not result in the
rendition of an improper judgment.  See
Tex. R. App. P. 44.1(a)(1).  Appellant=s second claim is
without merit.

Third, appellant claims that the trial
court erred in excluding her own testimony as well as that of John Needham
regarding appellee=s business practices and/or
reputation.  She asserts that such
testimony was intended to impeach appellee=s testimony and to
address the issue relating to appellant=s concern for her
license due to appellee=s unethical practices.  Appellant fails to explain, however, how the
excluded testimony is controlling on a material issue in the case and would not
have been cumulative of other admitted evidence.  See Able, 35 S.W.3d at 617.  Moreover, based upon our own review of the
case, we cannot conclude that the exclusion of such testimony probably caused
the rendition of an improper judgment. See Tex. R. App. P. 44.1(a)(1). 
Appellant=s third claim is without merit.

We therefore find that the trial court did
not abuse its discretion in denying appellant=s motion for new
trial.  Accordingly, her fifth issue is
overruled.








No Evidence to Support Affirmative
Defenses

In her third issue, appellant argues that
there is no evidence to support appellee=s affirmative
defenses.  Because the jury=s verdict that
appellee was not liable to appellant on any of her claims is based upon
factually sufficient evidence, however, we do not reach this issue.  Accordingly, appellant=s third issue is
overruled.

Sealing of Records and Sanctions

In her sixth issue, appellant argues that
the trial court erred in denying her motion to seal records containing
sensitive personal information.  In her
seventh issue, appellant argues that the trial court erred in failing to impose
sanctions upon appellee.  Appellant,
however, does not appeal the decisions rendered by the trial court with respect
to these issues; she merely resubmits by incorporation the respective motions
presented to the trial court for our consideration.  Appellant therefore presents nothing for
review concerning these issues. See Tex.
R. App. P. 38.1(e), (h). 
Moreover, appellant has failed to adequately brief, and has therefore
waived, her sixth and seventh issues because she cites no legal authority in
support of her arguments.  See Tex. R. App. P. 38.1(h); Fredonia
State Bank, 881 S.W.2d at 284; Nguyen, 93 S.W.3d at 188.  Accordingly, appellant=s sixth and
seventh issues are overruled.

Conclusion

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment
rendered and Opinion filed May 25, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

 











[1]  Appellant also
brought claims for breach of fiduciary duty and publication of private
information, but neither was submitted to the jury.





[2]  See Mañon
v. Solis, No. 11-00-00086-CV, 2000 WL 34234419 (Tex. App.CEastland October 19, 2000, no pet.).





[3]  Appellant also
raises claims concerning judicial admissions and conclusive trial admissions in
connection with this issue, but we address these claims below under her second
and fourth issues to facilitate our discussion.





[4]  The trial
court did not submit appellant=s claim for breach of fiduciary duty to the jury.  Because the record is unclear as to whether
the trial court refused to submit this claim or appellant voluntarily withdrew
it, we consider it here.





[5]  Appellant also
raises a claim concerning the sufficiency of the evidence supporting appellee=s affirmative defenses in connection with this issue,
but we address this claim below under her third issue to facilitate our
discussion.





[6]  We note that
some of our sister courts have equated incurable harm with reversible
harm. See, e.g.,  Lyondell
Petrochemical Co. v. Kirkland, No. 01-98-01128-CV, 1999 WL 1208506 at *5,
(Tex. App.CHouston [1st Dist.] 1999, pet. denied); Amelia=s Automotive, Inc. v. Rodriguez, 921 S.W.2d 767, 773 (Tex. App.CSan Antonio 1996, no pet.); Texas Employers= Ins. Ass=n
v. Guerrero, 800 S.W.2d 859, 863-67
(Tex. App.CSan Antonio 1990, writ denied).  The genesis of this equation appears to have
been in Guerrero, which cites Reese as controlling authority (and
rightly so). See 800 S.W.2d at 863-64. 
It is clear, however, that the equation of incurable harm with reversible
harm has been foreclosed by the very case Guerrero cites.  In Reese, the Supreme Court of Texas
stated:

In the case of improper jury argument, the complainant
must prove a number of things.  He has to
prove (1) an error (2) that was not invited or provoked, (3) that was preserved
by the proper trial predicate, such as an objection, a motion to instruct, or a
motion for mistrial, and (4) was not curable by an instruction, a prompt
withdrawal of the statement, or a reprimand by the judge.  There are only rare instances of incurable
harm from improper argument.  The
complainant has the further burden to prove (5) that the argument by its
nature, degree and extent constituted reversibly harmful error. ... All
of the evidence must be closely examined to determine (6) the argument=s probable effect on a material finding.  (7) Importantly, a reversal must come from an
evaluation of the whole case... . ... From all of these factors, the
complainant must show that the probability that the improper argument caused
harm is greater than the probability that the verdict was grounded on the
proper proceedings and evidence. 

584 S.W.2d at 839-40 (emphasis added).  In other words, incurable harm does
not necessarily equate with reversible harm, and an appellate court must
engage in a harm analysis as detailed above in Reese to determine
whether the harm is sufficient as to require reversal.