**Nga Van NGUYEN d/b/a Eurotex Investment Co., Appellant,**

v.

**Robert KOSNOSKI and Village Green Real Estate Investment, L.C., Appellees.**

No. 14–00–01335.

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 2002.

Nga Van Nguyen, Spring, for appellants.

William S. Chesney, III, Houston, for appellees.

Panel consists of Justices HUDSON, FOWLER, and MURPHY.*

* Senior Chief Justice Paul C. Murphy sitting by assignment.

## OPINION

PAUL C. MURPHY, Senior Chief Justice (Assigned).

In this appeal from a fraud and conspiracy case, Nga Van Nguyen d/b/a Eurotex Investment Co. ("Nguyen") appeals *pro se* a judgment in favor of Village Green Real Estate Investment, L.C. ("Village Green").[1] As is typical of *pro se* briefing, Nguyen has not specifically couched his arguments in terms of "points of error" or "issues for review." Nevertheless, a liberal reading of Nguyen's brief suggests that he appeals on the grounds that: (1) the trial court erred in finding that there was no common law fraud, fraud relating to real estate transactions, or conspiracy to commit fraud; (2) he was denied a fair trial due to the jury's limited knowledge of condominiums, homeowner associations, assessments, real estate transactions, and foreclosures; and (3) the jury's failure to find in his favor on questions one and six of the jury charge was against the evidence.[2] Village Green did not file a brief. Because Nguyen failed to provide appropriate citations to authorities and to the record, he waived his complaints, and we affirm.

## Background

Nguyen owned forty-two condominium units which were managed by North Village Green I Condominium Association (the "Association"). Subsequently, the Association initiated foreclosure proceedings on Nguyen's condominium units because he was delinquent in paying his maintenance fees. Although Nguyen's brief does not explain well what chain of events followed the foreclosure of the condominium units, it appears that the Association purchased them at a foreclosure sale in June, Kosnoski and Village Green purchased them in another foreclosure sale in July, and then an individual purchased them.

Nguyen filed suit contending that Village Green was liable for (1) common law fraud for misrepresenting Village Green's right to conduct the foreclosure sale based on Nguyen's failure to pay the Association's assessment of maintenance fees; (2) fraud in a real estate transaction for Village Green's misrepresentation that the earnest money contract presented to Nguyen for his signature was the same as the one previously given to Nguyen,[3] and that Nguyen would not have purchased the condominium units if Village Green had disclosed the maintenance fees owed by Village Green on the condominium units before Nguyen bought them;[4] and (3) conspiring with the Association to commit common law fraud because the individual who ultimately bought the condominium units did not pay Nguyen. A jury found in questions one and six, respectively, that: Village Green had not committed fraud against Nguyen and Village Green had not committed fraud against Nguyen to induce him into a real estate transaction.

## Waiver

Nguyen contends that the trial court erred in finding that there was no common

---

1. The questions to the jury pertained only to Village Green and the judgment entered by the trial court is against only Village Green. Because Nguyen appeals from the judgment entered by trial court, we read his appeal to be only against Village Green.

2. We read Nguyen to be arguing that the jury findings in questions one and six were against the overwhelming weight of the evidence.

3. It is not clear from Nguyen's pleading or appellate brief what the significance of this alleged misrepresentation is.

4. Nguyen's brief does not explain how it is that Village Green allegedly owed maintenance fees to the Association on the condominium units before Nguyen purchased them.

law fraud, fraud relating to real estate transactions, or conspiracy to commit fraud. Nguyen also contends that he was denied a fair trial due to the jury's limited knowledge of condominiums, homeowner associations, assessments, real estate transactions, and foreclosures. Finally, Nguyen argues that the jury's failure to find in his favor in questions one and six of the jury charge was against the overwhelming weight of the evidence.

Under Rule 38.1(h) of the Texas Rules of Appellate Procedure, an appellant's brief must contain a clear, concise argument for the contentions made, including appropriate citations to authorities and to the record. TEX.R.APP. P. 38.1(h). Nguyen, however, failed to support any of his arguments with legal authority or with references to the record. An issue not supported by authority is waived. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 410 (Tex.1997), *superseded by statute on other grounds*, (recognizing that generally failure to cite supporting authority for an argument waives the claimed error); *FCLT Loans, L.P. v. Estate of Bracher*, No. 14–00–00577–CV, 2002 WL 287805, at * 11 (Tex.App.-Houston [14th Dist.] Feb. 28, 2002, no pet.). Moreover, an issue not supported by references to the record is waived. *In re D.S.*, 76 S.W.3d 512, 516 (Tex.App.-Houston [14th Dist.] 2002, no pet.). This Court has no duty to search a voluminous record without guidance from Nguyen to determine whether an assertion of reversible error is valid. *See Melendez v. Exxon Corp.*, 998 S.W.2d 266, 280 (Tex. App.-Houston [14th Dist.] 1999, no writ). Thus, Nguyen waived his arguments and the judgment of the trial court is affirmed.