Affirmed and Memorandum Opinion filed June 3, 2004









Affirmed
and Memorandum Opinion filed June 3, 2004.

 

 

In The

Fourteenth Court of Appeals

____________

 

NO. 14-03-00166-CV

____________

 

MICHAEL GLEASON, Appellant

V.

JOHNNY ISBELL, AS MAYOR OF THE
CITY OF PASADENA (ACITY@),
TEXAS, AND INDIVIDUALLY; FOY LEE CLARK, AS CITY ATTORNEY AND INDIVIDUALLY; ANDY
HELMS, AS DIRECTOR OF FINANCE AND PURCHASING AND CHIEF OF STAFF OF THE CITY AND
INDIVIDUALLY; DAN WEATHERS, AS MUNICIPAL JUDGE AND INDIVIDUALLY; JOHN S.
SCHNEIDER, JR., AS ASSISTANT CITY ATTORNEY AND INDIVIDUALLY; J. MICHAEL COMAN,
AS ASSISTANT CITY ATTORNEY AND INDIVIDUALLY; GENE L. LOCKE, AS ATTORNEY FOR
GENE AIGGY@
GARISON, JOHNNY ISBELL, LYNNE SUMMERS, AND CITY COUNCIL, AND INDIVIDUALLY;
LYNNE SUMMERS, AS CITY SECRETARY AND INDIVIDUALLY; THE CITY; THAD GINN, AS
HEALTH DEPARTMENT DIRECTOR OF THE CITY AND INDIVIDUALLY; JEFF GABBERT, AS
BUILDING OFFICIAL OF THE CITY AND INDIVIDUALLY; E.C. SUMMERS, AS MAINTENANCE
DIRECTOR OF THE CITY AND INDIVIDUALLY; TOMMY SHANE, AS CHIEF OF POLICE OF THE
CITY AND INDIVIDUALLY; GENE AIGGY@ GARISON, AS COUNCILMAN FOR CITY COUNCIL DISTRICT AD@
AND INDIVIDUALLY; BRUCE K. WALTERS, AS CITY COUNCILMAN AND INDIVIDUALLY; RUSTY
CAMPBELL, AS HEALTH AND BUILDING INSPECTOR FOR THE CITY AND INDIVIDUALLY; GARY
E. WORSTELL, AS PRESIDENT OF PASADENA FURNITURE LIQUIDATORS AND INDIVIDUALLY;
AND STACY SCOTT, AS POLICE OFFICER FOR THE CITY AND INDIVIDUALLY; Appellees

 



On Appeal from the 189th
District Court

Harris County, Texas

Trial Court Cause No. 01-04396

 



 








M E M O R A N D U M   O P I N I O N

Appellant Michael Gleason appeals from the
trial court=s November 4, 2002 order granting summary
judgment in favor of appellees Johnny Isbell, et al.[1]
on all claims.  This case arises from a
dispute concerning the removal of appellant=s seven junked
vehicles from his property under the authority of a Municipal Court order
obtained by the City.  Because all
dispositive issues are clearly settled in law, we issue this memorandum
opinion. See Tex. R. App. P. 47.4.  We affirm.

The Issues

Appellant raises five issues in this
appeal,[2]
claiming that the trial court erred (1) in denying his request for a
continuance to obtain more time for discovery, (2) in granting appellees= summary judgment
motion, (3) in refusing to grant his no-evidence motion for partial summary
judgment, and (4) in excluding from evidence his untimely filed affidavits
prior to its consideration of appellees= motion for
summary judgment.

Request for Continuance








In his first issue, appellant argues that
the trial court erred in denying his request for continuance to obtain more
time for discovery.  Rule 166a(g) of the
Texas Rules of Civil Procedure provides that when a party asserts that he
cannot present by affidavit facts essential to justify his opposition to an
adverse party=s motion for summary judgment, the court may
refuse the application for judgment, order a continuance to permit affidavits
to be obtained or depositions to be taken, Aor may make
such other order as is just@ (emphasis
added).  A request for continuance
pursuant to Rule 166a(g) is therefore a matter well within the trial court=s discretion, and
the trial court=s ruling will not be disturbed on appeal
absent an abuse of discretion.  Villegas
v. Carter, 711 S.W.2d 624, 626 (Tex. 1986).

In the summary judgment context, it is
generally not an abuse of discretion to deny a motion for continuance if the
party moving for a continuance has received 21 days= notice of the
hearing as required by Rule 166a(c).  Carter v. MacFadyen, 93 S.W.3d 307, 310 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  A party seeking more time to
oppose a summary judgment motion must file an affidavit which describes the
evidence sought, explains its materiality, and shows the due diligence used to
obtain the evidence.  See Tex. R. Civ. P. 166a(g), 251, and 252; MacFadyen,
93 S.W.3d at 310.  The affidavit must
show why the continuance is necessary; conclusory allegations are not
sufficient.  See id.

In the present case, appellant has failed
to meet the burden imposed by the Rules of Civil Procedure and MacFadyen.  See id.  It is undisputed that appellant had far more
than 21 days= notice of the summary judgment
hearing.  Appellant even acknowledges in
his own motion that on July 15, 2002, the trial court set the hearing date for
September 30 of that year, and then even later reset the hearing date to
October 14.  Moreover, appellant explains
that further discovery is necessarily material only based on his unsupported
assertion that oral depositions of certain appellees would impeach the
testimony they had already submitted through affidavits.  Under Rule 166a(c) of the Rules of Civil
Procedure, the trial court was entitled to base summary judgment on evidence
that is clear, positive and direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily
controverted.  Appellant=s explanation is
inadequate to demonstrate abuse of discretion. 
For these reasons, we find that the trial court did not abuse its
discretion in denying appellant=s request for
continuance.  Accordingly, appellant=s first issue is
overruled.

 








Proprietary Functions

In his second issue, appellant argues that
the trial court erred in granting appellees= summary judgment
motion based on governmental immunity because the City=s seizure of his
junked vehicles was an exercise of its proprietary, and not its governmental,
functions.  Therefore, he argues,
appellees may be held liable for their acts in furtherance of those
functions.  When reviewing a summary
judgment, the court takes as true all evidence favorable to the nonmovant and
indulges every reasonable inference and resolves any doubts in the nonmovant=s favor.  Limestone Products Distribution, Inc. v.
McNamara, 71 S.W.3d 308, 311 (Tex. 2002).

The City has established certain
procedures governing the abatement of a public nuisance. See Pasadena, Tex., Code of Ordinances ch.
20, art. IV, ' 20-75 (2003).  Under section 20-73(a), a junked vehicle[3]
(or part thereof) may constitute a public nuisance:

A junked vehicle or a part of a
junked vehicle that is located in a place where it is visible from a public
place or public right-of-way, is detrimental to the safety and welfare of the
general public, tends to reduce the value of private property, invites
vandalism, creates fire hazards, constitutes an attractive nuisance creating a
hazard to the health and safety of minors, and is detrimental to the economic
welfare of the city by producing urban blight adverse to the maintenance and
continuing development of the city is a public nuisance.








Pasadena, Tex., Code of
Ordinances ch. 20, art. IV, ' 20-73(a) (2003). 
Thus, the abatement of a junked vehicle (or part thereof) necessarily
invokes governmental functions, including police and fire protection and
control, health and sanitation services, and garbage and solid waste removal,
collection, and disposal.  See Tex. Civ. Prac. & Rem. Code Ann. '' 101.0215(a)(1),
(2), and (6) (Vernon Supp. 2004).  This
is a governmental activity, not a proprietary function. See Tex. Civ. Prac. & Rem. Code Ann. ' 101.0215(c)
(Vernon Supp. 2004) (AThe proprietary functions of a
municipality do not include those governmental activities listed under
Subsection (a).@).[4]  The trial court therefore did not err in
granting appellees= motion for summary judgment on this
basis.  Accordingly, appellant=s second issue is
overruled.

Appellant=s No-Evidence
Motion

In his third issue, appellant argues that
the trial court erred in denying his no-evidence motion for partial summary
judgment.  He bases this argument on
three grounds: (1) lack of statutory due process and personal jurisdiction over
appellant and his property, (2) lack of Asubject matter
jurisdiction@ over appellant=s barrel trailer,
as well as the contents of his vehicles and Aantique French
doors and windows,@ and (3) lack of any evidence presented by
appellees contesting the elements of appellant=s alternative
claim for damages arising from the use of City-owned motor vehicles.[5]  In reviewing a denial of a no-evidence
summary judgment motion, we consider all evidence in the light most favorable
to the party against whom judgment was rendered and disregard all contrary
evidence and inferences. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997).








Appellant first contends that appellees= seizure and
removal of his vehicles did not comply with statutory due process requirements,
and therefore the trial court did not acquire personal jurisdiction over him
and his property.  However, appellant=s contention
plainly ignores the City ordinance provision governing notice for a nuisance on
private property, which states: AThe code
compliance officer may also attach notice to the vehicle or vehicle part which
shall constitute proper notice.@ Pasadena, Tex., Code of Ordinances ch.
20, art. IV, ' 20-75(2)(c) (2003).  The City therefore complied with statutory
due process requirements.[6]  While appellant asserts that this provision
does not pass constitutional muster, he cites no authority for such a
proposition and in fact makes no further argument in connection with this
issue.  Consequently, appellant has
waived this issue due to inadequate briefing. See Tex. R. App. P. 38.1(h); Fredonia
State Bank v. General American Life Ins. Co., 881 S.W.2d 279, 284 (Tex.
1994).  Appellant=s first contention
is therefore without merit.

Second, appellant contends that the trial
court lacked Asubject matter jurisdiction@ over his barrel
trailer, as well as the contents of his vehicles and his Aantique French
doors and windows.@  We
construe this contention as a challenge to the Municipal Court=s authority to
order the seizure of his vehicles.  As to
the barrel trailer, we find that appellant=s contention
plainly ignores the City provision stating that a Ajunked vehicle or
a part of a junked vehicle@ (emphasis added)
may constitute a public nuisance and thus be subject to abatement. See Pasadena, Tex., Code of Ordinances ch.
20, art. IV, ' 20-73(a) (2003).  Because the barrel trailer is part of a
vehicle, appellant is not entitled to a no-evidence partial summary judgment on
this basis.

As to the contents of appellant=s vehicles,
appellees produced evidence in the form of affidavits by Rusty Campbell and
Richard Carlson that the items identified by appellant as seized during the
abatement process were not in fact located inside the vehicles at that time,
and appellant=s antique French doors and windows were
not in fact removed from the property. 
Because this evidence supports the trial court=s finding and
constitutes more than a scintilla, appellant is not entitled to a no-evidence
partial summary judgment on this basis. See Wal-Mart Stores, Inc. v.
Canchola, 121 S.W.3d 735, 739 (Tex. 2003). 
Appellant=s second contention is therefore without
merit.








Appellant=s third contention
is that Carlson=s testimony by affidavit establishes his
alternative claim under the motor vehicle exception to governmental immunity
because City wreckers removed his vehicles and the contents therein.  Under section 101.021 of the Texas Civil
Practice and Remedies Code, a waiver of governmental immunity arises only when
a plaintiff alleges that an injury was negligently caused by a governmental
employee operating or using a motor-driven vehicle or piece of equipment.  LeLeaux v. Hamshire-Fannett Indep. Sch.
Dist., 835 S.W.2d 49, 51 (Tex. 1992). 
Appellant has failed to establish negligence by any City employee in
connection with the seizure and removal of his vehicles.  Therefore, his third contention is without
merit.

We find that the trial court did not err
in denying appellant=s no-evidence motion for partial summary
judgment.  Accordingly, appellant=s third issue is
overruled.

Appellees= Summary Judgment
Motion

In his fourth issue, appellant argues
generally that the trial court erred in granting appellees= motion for
summary judgment.  In connection with
this issue, appellant makes only the following statement: AThis issue is
supported by the facts and arguments stated in the record and in this brief.@  We find that the entirety of appellant=s brief fails to
identify and explain, with any semblance of coherence, the claims he has
brought against appellees (and the specific appellees sought to be held liable
for each claim), the elements of each claim, and the relevant facts that
support reversal of the trial court=s grant of summary
judgment in favor of appellees.  It is
not our duty to search the voluminous record without sufficient guidance from
appellant to determine whether his claim that summary judgment is inappropriate
merits reversal. See Nguyen v. Kosnoski, 93 S.W.3d 186, 188 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  We therefore find that appellant
has waived this issue due to inadequate briefing. See Tex. R. App. P. 38.1(h).  Accordingly, we overrule appellant=s fourth issue.

Exclusion of Untimely Affidavits








In his fifth issue, appellant argues that
the trial court erred in excluding his untimely filed affidavits prior to its
consideration of appellees= motion for
summary judgment.  We review a trial
court=s decision to
admit or exclude summary judgment evidence under an abuse of discretion
standard. See Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43
(Tex. 1998).  A trial court abuses its
discretion when it acts without regard for any guiding rules or
principles.  Id.  An appellate court must uphold the trial
court=s evidentiary
ruling if there is any legitimate basis for the ruling.  Id.

Rule 166a(c) of the Rules of Civil
Procedure states: AExcept on leave of court, the adverse
party, not later than seven days prior to the day of hearing[,] may file and
serve opposing affidavits or other written response.@  It is undisputed that appellant filed his
original and supplementary affidavits on October 9 and October 11, 2002,
respectively, in opposition to appellees= motion for
summary judgment.  The hearing, of which
appellant received timely notice, took place on October 14, 2002.  The trial court denied appellant=s motion to file
the affidavits late.  Because appellant
filed his affidavits less than seven days prior to the hearing on appellees= motion for
summary judgment and did not obtain leave of court, the trial court did not
abuse its discretion in excluding his untimely filed affidavits from
consideration.  Accordingly, we overrule
appellant=s fifth issue.

Other Requested Relief

In his prayer for relief, appellant
requests in grounds (1) through (5), (9), and (10) relief related to the trial
court=s grant of summary
judgment to appellees and its denial of appellant=s no-evidence
motion for partial summary judgment.  For
the reasons stated above, we deny appellant any such relief.  Appellant also requests this court to: direct
that certain individuals be criminally investigated for their conduct in this
case [grounds (6) and (8)], strike the pleadings of certain appellees for Atheir bad faith
and fraud@ related to their motion for summary
judgment [ground (7)], and refer both counsel for appellees and the City
Attorney to the Chief Disciplinary Counsel of the State Bar of Texas for their
conduct in this case [ground (8)]. 
However, appellant failed to cite any authority which would entitle this
court to grant him such relief.  We therefore
deny appellant relief on grounds (6) through (8).  See Tex.
R. App. P. 38.1(h).  Finally,
appellant requests that this court award him the costs of this appeal [ground
(11)] as well as general and further relief [ground (12)].  Because appellant did not prevail in this
appeal, we decline to award him costs and any other general and further
relief.  See Tex. R. App. P. 43.4.  In summary, we deny all relief as requested
by appellant in grounds (1) through (12).








Conclusion

The judgment of the trial court is
affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Memorandum Opinion filed June 3, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.











[1]  Appellees
include Johnny Isbell, as Mayor of the City of Pasadena (ACity@), Texas, and individually; Foy Lee Clark, as City
Attorney and individually; Andy Helms, as Director of Finance and Purchasing
and Chief of Staff of the City and individually; Dan Weathers, as Municipal
Judge and individually; John S. Schneider, Jr., as Assistant City Attorney and
individually; J. Michael Coman, as Assistant City Attorney and individually;
Gene L. Locke, as Attorney for Gene AIggy@ Garison, Johnny Isbell, Lynne Summers, and City
Council, and individually; Lynne Summers, as City Secretary and individually;
the City; Thad Ginn, as Health Department Director of the City and
individually; Jeff Gabbert, as Building Official of the City and individually;
E.C. Summers, as Maintenance Director of the City and individually; Tommy
Shane, as Chief of Police of the City and individually; Gene AIggy@ Garison, as Councilman for City Council District AD@ and individually; Bruce K. Walters, as City
Councilman and individually; Rusty Campbell, as Health and Building Inspector
for the City and individually; Gary E. Worstell, as President of Pasadena
Furniture Liquidators and individually; and Stacy Scott, as Police Officer for
the City and individually.





[2]  We
respectfully decline to consider the six additional issues contained within the
appendices to appellant=s brief. See Tex.
R. App. P. 38.1(j)(2) (AItems should not be included in the appendix in
attempt to avoid the page limits for the brief.@).





[3]  Junked
vehicle means Aa motor vehicle as defined in Section 1, Chapter 42,
General Laws, Acts of the 41st 
Legislature, 2nd Called Session, 1929 (Article 6701d-11, Vernon=s Texas Civil Statutes): (1) that is inoperative; and
(2) that does not have lawfully affixed to it either an unexpired license plate
or a valid motor vehicle safety inspection certificate, that is wrecked,
dismantled, partially dismantled, or discarded, or that remains inoperable for
a continuous period of more than forty-five (45) days.@ Pasadena, Tex., Code of Ordinances ch. 20, art. IV, ' 20-72 (2003).





[4]  See
generally Christopher D. Jones, Comment, Texas Municipal Liability: An
Examination of the State and Federal Causes of Action, 40 Baylor L. Rev. 595, 614-15 (1988). See
also Texas River Barges v. City of San Antonio, 21 S.W.3d 347, 357 (Tex.
App.CSan Antonio 2000, pet. denied); Hallmark v. City of
Fredericksburg, No. 04-99-00519-CV, 2000 WL 730601, at *3 (Tex. App.CSan Antonio 2000, pet. denied).





[5]  Appellant also
includes the issue of proprietary function and lack of governmental immunity as
an additional ground for his argument. 
However, we addressed this issue in connection with appellant=s second issue and find it unnecessary to repeat our
analysis here.





[6]  Moreover,
Rusty Campbell testified by affidavit that on January 13, 1999, Thad Ginn sent
a certified letter to Peter Gleason, the owner of record of the property upon
which the junked vehicles were located. 
The letter stated that if the violation was not corrected within ten
days, charges would be filed.  On January
25, 1999, Campbell returned to the property and found that the vehicles had not
been removed.  Later that same day, he
filed, for each of the vehicles, a motion to abate a public nuisance in City
Municipal Court, which granted the motions the next day.  The abatement order was executed on January
28, 1999.