Affirmed and Memorandum Opinion filed October 12, 2004









Affirmed and Memorandum Opinion
filed October 12, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00832-CR

_______________

 

ALEX ADAMS, Appellant

 

V.

 



THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th District Court

Harris County, Texas



Trial
Court Cause No. 878,066

 



 

M E M O R A N D
U M   O P I N I O N

Appellant, Alex Adams, appeals his conviction for attempted
capital murder on the grounds that the trial court violated his constitutional
rights by (1) cumulating his sentence with one in another case, and (2)
admitting evidence of an extraneous offense.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P.  47.4.








I.  BACKGROUND

On May 22, 2001, Houston Police Department Officers Alberto
Vasquez, Enrique Duharte-Tur, Steve Bryant, and Major Johnson were working
extra jobs at an apartment complex. 
Suspecting drug possession or trespassing, the officers detained
appellant, Lew Whiting, and three other individuals.  Officers Vasquez and Duharte escorted
appellant and Whiting to the apartment leasing office for processing, while
Officers Bryant and Johnson escorted the other three individuals to the office
along a different route.

Officer Duharte ran ahead to make sure the office was
open.  Before he reached the office, he
heard a gunshot and ran back to where Officer Vasquez was watching appellant
and Whiting.  Officer Duharte saw
appellant shoot Officer Vasquez in the head. 
Appellant then shot Officer Duharte four times.  Officer Vasquez died from his wound, but
Officer Duharte survived.

Appellant was arrested and charged with the capital murder of
Officer Vasquez and the attempted capital murder of Officer Duharte.  The cases were tried separately.  In each case, appellant was convicted and
sentenced to life imprisonment.[1]  The State moved to cumulate the sentences,
and the trial court granted the motion.

II.  CUMULATIVE
SENTENCES

In his first issue, appellant contends cumulation of his
sentences will make him ineligible for parole until he is ninety-two years old,
thereby violating his right to be free from cruel and unusual punishment.  See U.S.
Const. amend. 8; Tex. Const.,
art. 1, ' 13. 
The State contends that appellant waived this argument by not presenting
it to the trial court.  See Tex. R. App. P. 33.1(a).  We agree with the State.








Relying on the Court of Criminal Appeal=s opinion in LaPorte v. State,
 840 S.W.2d 412 (Tex. Crim. App. 1992),
appellant argues that he was not required to present his argument to the trial
court.  In LaPorte, the trial
court cumulated the defendant=s sentences for offenses arising out of the same criminal
episode and prosecuted in a single criminal action.[2]  Id. at 413.  Such cumulation was prohibited by section
3.03 of the Texas Penal Code.  Id.  at 413 & n.2.  The Court concluded that the cumulation was, Ain essence, a void sentence, and such
error cannot be waived.@  Id. at 415.

Courts have distinguished between a claim that a sentence is
prohibited by statute and a claim that a sentence is unconstitutional.  See Nicholas v. State, 56
S.W.3d 760, 764, 768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (addressing the defendant=s unpreserved arguments that
cumulation was prohibited by the Texas Code of Criminal Procedure, but holding
that his unpreserved constitutional argument was waived).  A claim that a sentence is prohibited by
statute cannot be waived and may be raised for the first time on appeal.  See LaPorte, 840 S.W.2d at 415;
Nicholas, 56 S.W.3d at 764. 
However, a claim that a sentence is unconstitutional must be preserved
by an objection at trial.  See Nicholas,
56 S.W.3d at 768; Keith v. State, 975 S.W.2d 433, 433B34 (Tex. App.CBeaumont 1998, no pet.); Cruz v.
State, 838 S.W.2d 682, 687 (Tex. App.CHouston [14th Dist.] 1992, pet. ref=d). 
Even constitutional errors may be subject to waiver by procedural
default.  See Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990).








Appellant=s reliance on LaPorte v. State is thus misplaced.  He does not argue that the trial court lacked
authority to cumulate his sentences under either the Texas Penal Code or the
Texas Code of Criminal Procedure.  He
argues only that the cumulation was cruel and unusual.  Because he did not object on that basis at
trial, he preserved nothing for review.  See
Nicholas, 56 S.W.3d at 768; Keith, 975 S.W.2d at 433B34; Cruz, 838 S.W.2d at 687.

Even if the issue had been preserved for review, we note that
the Court of Criminal Appeals has already stated that Athe cumulation of sentences does not
constitute cruel and unusual punishment.@ 
Stevens v. State, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984); see
also Baird v. State, 455 S.W.2d 259, 259 (Tex. Crim. App.
1970).  Further, the Court of Criminal Appeals
has rejected the argument that a defendant has effectively received a sentence
of life without parole when he is not expected to live long enough to be
eligible for parole.  See Colburn
v. State, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998).

We overrule appellant=s first issue.

III.  EXTRANEOUS
OFFENSE EVIDENCE

In his second issue, appellant contends admission of
extraneous offense evidence violated his right to be free from double
jeopardy.  See U.S. Const., amend. 5; Tex. Const., art. 1, ' 14. 
The State contends appellant waived this argument by failing to cite
authority addressing the double jeopardy clauses.  See Tex.
R. App. P. 38.1(h).  We agree that
appellant waived his constitutional argument. 
See id.  However, because
appellant cited authority addressing admissibility of extraneous offenses, we
will address those concerns.[3]








Although appellant complains of Agreat amounts of prejudicial testimony@ and that Afar too many details@ were admitted, the only evidence he
specifically refers to is an autopsy report including details regarding the
angle of the wound and photographs of the body.[4]  Appellant objected to this evidence on the
grounds that it was not relevant and that its prejudicial effect greatly
outweighed its probative value.  See
Tex. R. Evid. 402, 403.[5]  We review the trial court=s decision to admit the evidence for
abuse of discretion.  Osbourn v. State,
92 S.W.3d 531, 537 (Tex. Crim. App. 2002).

A.        Rule 402

Evidence is relevant if it has Aany tendency to make the existence of
any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.@ 
Tex. R. Evid. 401.  Evidence that is not relevant is absolutely
inadmissible.  Tex. R. Evid. 402; King v. State, 17 S.W.3d 7, 20
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).

The identity of the person who shot Officer Vasquez was a
fact of consequence because Officer Duharte testified that he was shot by the
same person who shot Officer Vasquez. 
Appellant argued at trial that Whiting, the other person being detained,
shot Officer Vasquez.  The autopsy report
and photographs, which indicated the location of the wound and the trajectory
of the bullets, tended to refute that argument. 
Thus, the trial court did not abuse its discretion in determining the
autopsy report and photographs were relevant.

B.        Rule 403








Relevant evidence may nonetheless be excluded if its
probative value is substantially outweighed by its prejudicial effect.  Tex.
R. Evid. 403.  The evidence is
presumed to be admissible and should be excluded only when there is a Aclear disparity between the degree of
prejudice of the offered evidence and its probative value.@ 
Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).  The relevant criteria in determining whether
the prejudice of admitting evidence outweighs its probative value include the
following: (1) how compellingly the evidence makes a fact of consequence more
or less probable; (2) the potential the evidence has to impress the jury in an
irrational but nevertheless indelible way; (3) the time the proponent will need
to develop the evidence, during which the jury will be distracted from
consideration of the indicted offense; and (4) the proponent=s need for the evidence to prove a
fact of consequence, i.e., whether the proponent has other probative evidence
available to him to help establish this fact, and whether this fact related to
an issue in dispute.  Id.

As previously noted, considering Officer Duharte=s testimony, evidence in the autopsy
report tends to make it more probable that appellant, not Whiting, shot Officer
Vasquez; therefore appellant also shot Officer Duharte.  The autopsy report is highly technical and
contains no inflammatory language likely to influence the jury in an irrational
way.  The autopsy report is only eight
pages long, and the medical examiner=s testimony about the report
comprised only eleven pages in the four volumes of testimony on
guilt/innocence.  Finally, the State
needed the report because appellant and Whiting each testified that the other
shot Officers Vasquez and Duharte, and the report helped establish that
appellant was the one who did so.  Although
Officer Duharte also identified appellant, he was seriously wounded in the
shooting and there appears to have been some inconsistency between his
statements immediately after he was shot and his memory of the events at trial.  All of these factors weigh in favor of
considering the autopsy report admissible under Rule 403.

We hold that the trial court did not abuse its discretion in
determining that the probative value of the autopsy report was not
substantially outweighed by its prejudicial effect.  Because additional factors govern the
admissibility of the autopsy photographs under Rule 403, we will address the
photographs separately.








Relevant factors in ascertaining the admissibility of
photographs under Rule 403 include the following: the number of exhibits
offered; their gruesomeness, detail, and size; whether they are black-and-white
or color; whether they are close‑up; whether the body is naked or
clothed; the availability of other means of proof; and other circumstances
unique to the individual case.  Santellan
v. State, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997).  Autopsy or post‑autopsy photographs can
be used to illustrate injuries and to reveal cause of death.  Drew v. State, 76 S.W.3d 436, 452
(Tex. App.CHouston [14th Dist.] 2002, pet. ref=d); Ladner v. State, 868
S.W.2d 417, 426 (Tex. App.CTyler 1993, pet. ref=d).  
As long as the post‑autopsy photograph aids the jury in
understanding the injury and does not emphasize mutilation caused by the
autopsy, the photograph is generally admissible even though it depicts the
autopsy.  Rojas v. State, 986
S.W.2d 241, 249 (Tex. Crim. App. 1998); Drew, 76 S.W.3d at 452.  Finally, photographs are generally admissible
where verbal testimony about the same matter is admissible.  Jones v. State, 944 S.W.2d 642, 652
(Tex. Crim. App. 1996).








Twelve autopsy photographs were admitted.  The photographs were not unnecessarily
gruesome; it appears the blood had been cleaned from the body, and no
mutilation had been caused by the autopsy aside from shaving the hair from
around the exit wound so that the wound could be seen.  Because the record contains only letter-size,
black-and-white photocopies of the photographs, we cannot be certain of their
detail, their size, or whether they were in black-and-white or color.[6]  Some of the photographs were close-up, but
the medical examiner testified that the close-up photographs were necessary to
distinguish between entry wounds and exit wounds.  In only one photograph is it apparent that
the body is naked.  The medical examiner
testified that the photographs would aid the jury in understanding her
testimony.  Finally, the trial court
excluded any duplicative autopsy photographs.

Considering all of these factors, we hold that the trial
court did not abuse its discretion in determining the probative value of the
autopsy photographs was not substantially outweighed by their prejudicial
effect.  We overrule appellant=s second issue.

Accordingly, the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed October 12, 2004.

Panel consists of
Chief Justice Hedges and Justices Seymore and Anderson.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  This court
affirmed appellant=s conviction for the capital murder of Officer Vasquez
in Adams v. State, No. 14‑02‑01115‑CR, 2004 WL 907360
(Tex. App.CHouston [14th Dist.] Apr. 29, 2004, no pet.) (not
designated for publication).  This appeal
is solely from appellant=s conviction for the attempted capital murder of
Officer Duharte.





[2]  Although
appellant implies that his proceedings were also a single criminal action, the
separate trials in his cases are not Aa single
criminal action@ as it was defined in LaPorte, namely Aa single trial or plea proceeding.@  See LaPorte,
840 S.W.2d at 414.





[3]  Appellant also
complained that the trial court did not limit the jury=s consideration of the extraneous offense evidence at
either the time the evidence was offered or in the charge to the jury.  However, it does not appear that appellant
requested an instruction.  Accordingly,
we will not consider the lack of an instruction on appeal.  See Tex.
R. Evid. 105(a); Ex parte Varelas, 45 S.W.3d 627, 631 & n.3
(Tex. Crim. App. 2001).





[4]  We have no
duty to search a voluminous record without guidance from appellant in an
attempt to locate additional evidence of which he could have complained.  See Nguyen v. Kosnoski, 93
S.W.3d 186, 188 (Tex. App.CHouston [14th Dist.] 2002, no pet.).





[5]  Evidence of an
extraneous offense is generally analyzed under Rule 404(b).  See Tex.
R. Evid. 404(b).  However,
appellant did not object to the autopsy report or photographs under Rule 404,
and there is no indication the trial court ruled on character conformity.  We therefore decline to address the issue.  See Tex.
R. App. P. 33.1(a).





[6]  We note that
it was incumbent on appellant to ensure that either the actual photographs or
color photocopies were included in the record if he believed these factors
would have affected our determination.  See
Williams v. State, 958 S.W.2d 186, 196 n.10 (Tex. Crim. App. 1997).