In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00036-CR**
**NO. 09-18-00037-CR**

_____

**PHILLIP DEVONN SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 13-17281 & 17-27200**

**MEMORANDUM OPINION**

Phillip Devonn Smith appeals his convictions for the offenses of possession of a controlled substance and evading arrest or detention. We affirm.

In 2013, Smith was charged by indictment for the offense of possession of a controlled substance, phencyclidine. *See* Tex. Health & Safety Code Ann. § 481.115

(West 2017).[1] Smith pleaded guilty pursuant to a plea bargain agreement, the trial court assessed punishment at ten years' imprisonment, suspended the sentence, and placed Smith on community supervision for a term of ten years. In December of 2015, the State filed a Motion to Revoke Community Supervision, which alleged eight violations of the terms of his community supervision; in March of 2017, the State filed a First Amended Motion to Revoke Community Supervision, which alleged eleven violations of the terms of his community supervision; and in April of 2017, the State filed a Second Amended Motion to Revoke Community Supervision, which alleged fifteen violations of the terms of his community supervision. At a hearing in August of 2017, Smith pleaded true to one count in the Second Amended Motion to Revoke. In January of 2018, after a pre-sentence investigation was completed, the trial court revoked Smith's community supervision and imposed the previously suspended sentence of ten years' imprisonment.

In 2017, Smith was indicted for the offense of evading arrest or detention by use of a vehicle, and the indictment alleged two prior convictions for possession of a controlled substance. *See* Tex. Penal Code Ann. § 38.04 (West 2016). At a hearing in August of 2017, Smith entered an open plea of guilty and waived a jury trial, and

---

[1] We cite the current version of the statutes herein because subsequent amendments do not affect our disposition.

2

subsequently, Smith filed a motion to withdraw the guilty plea, which the trial court denied. In January of 2018, after a pre-sentence investigation was completed, the trial court sentenced Smith to twenty-five years' imprisonment for the charge of evading arrest, and ten years for the charge of possession of a controlled substance, with the sentences to run concurrently.

Smith's appointed appellate counsel filed briefs in both appellate causes that present counsel's professional evaluation of the record and conclude the appeals are without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Smith to file a pro se brief, and Smith filed a pro se response in both appellate cases in which he stated that he has "reformed [his] moral character" and he asked this Court for "the chance to prove [his] reformed behavior." We find that Smith's pro se letters raise no legal basis to support his appeals and include no citations to authority or to the record; thus, the letters do not meet the requirements for an appellate brief and present nothing for our review. *See* Tex. R. App. P. 38.1(f), (i); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). With respect to both appeals, we have reviewed the entire record, counsel's briefs, and Smith's pro se responses, and we have found nothing that would arguably support an appeal in either cause. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[2]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

---

[2] Smith may challenge our decision in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.

Submitted on November 2, 2018
Opinion Delivered November 28, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.