In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00002-CR**
**NO. 09-19-00003-CR**
_____

**ROBERT NATHAN DARKINS IV, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 15-22994 & 15-22995**

**MEMORANDUM OPINION**

Robert Nathan Darkins appeals his convictions for intoxication manslaughter and intoxication assault. We affirm the trial court's judgments as modified.

In 2015, Darkins was charged by indictment for the offense of intoxication manslaughter in cause number 15-22994 and for the offense of intoxication assault in cause number 15-22995. *See* Tex. Penal Code Ann. §§ 49.07, 49.08 (West 2011).

In each case, Darkins entered a guilty plea and elected for a jury to assess punishment. In each case, the jury assessed punishment at ten years of confinement and a $10,000 fine, with the sentences to run concurrently, but the jury recommended that the punishment in each case be probated. In each case, the trial court signed an order sentencing Darkins to ten years of confinement and a $10,000 fine, running concurrently with the other sentence, but suspended the sentences and placed Darkins on ten years of community supervision and assessed a $10,000 fine.

The State filed a motion to revoke Darkins's community supervision in each case alleging nine violations of the terms of his community supervision. At a hearing in December 2018, Darkins pleaded true to four of the violations alleged by the State in each case, and Darkins acknowledged in pleading true to the violations that he understood that, upon revocation, the trial court could order the original sentences to be served consecutively. After a pre-sentencing investigation was completed, in each case the trial court revoked Darkins's community supervision and imposed the previously suspended sentence of ten years' imprisonment with the sentences to run consecutively. Darkins appealed his convictions for intoxication manslaughter and intoxication assault in appellate cause numbers 09-19-00002-CR and 09-19-00003-CR, respectively.

2

On appeal, the court appointed attorney for Darkins filed briefs in both cases wherein the attorney states that he has reviewed the cases and, based on his professional evaluation of the record and applicable law, he concluded that the appeals are without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Darkins to file a pro se brief, and Darkins filed a pro se response in both appellate cases in which he stated he did not wish to challenge his convictions but instead he was requesting "only mercy in that of running [his] sentence concurrent[]" so that he could have "another chance at life[]" and be home with his children. We find that the pro se letters raise no legal basis to support his appeals and the letters include no citations to authority or to the record. The pro se letters do not meet the requirements for an appellate brief and present nothing for our review. *See* Tex. R. App. P. 38.1(f), (i); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). With respect to both appeals, we have reviewed the entire record, counsel's briefs, and Darkins's

pro se responses, and we have found nothing that would arguably support an appeal in either case. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, because the trial court failed to include in the judgments that Darkins pleaded true to count three, we modify the "Plea to Motion to Revoke" portion of the trial court's written judgments by deleting "True to count(s) 2, 4, 8" and insert "True to count(s) 2, 3, 4 & 8[.]" *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (noting courts of appeals have authority to modify a judgment). As modified, we affirm the trial court's judgments.[1]

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

---

[1] Darkins may challenge our decisions in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.

4

Submitted on September 3, 2019
Opinion Delivered September 18, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.